UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| RESHIDE WOODEN | NO. 21-00092-BAJ-RLB |

### RULING AND ORDER

Defendant Reshide Wooden filed a **Motion for a "Compassionate Release" Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Doc. 462)**, seeking modification of his sentence. Defendant claims that one of the statutes under which he was convicted, 18 U.S.C. § 922(g)(1), is unconstitutional under the U.S. Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), that his Sixth Amendment right to counsel was violated by his attorney's failure to advise him of the *Bruen* decision, and that he wants to "reenter society to be with [his] family and children." Doc. 462 at 2–3.

I. BACKGROUND

On March 29, 2023, Defendant pled guilty to conspiring to distribute and possess with intent to distribute 500 grams or more of a substance containing methamphetamine, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2, and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Docs. 312, 314). On August 10, 2023, the Court sentenced Defendant to 235 months on the drug distribution charge and 120 months on the gun charge, to run concurrently. (Docs.

391, 392). Defendant's projected release date is September 25, 2038. *See* Bureau of Prison Inmate Locator.[1]

Defendant now moves for "compassionate release" pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), citing a desire to be present for his children. (Doc. 462). For the reasons explained below, Defendant's motion for compassionate release will be denied. But Defendant not only seeks compassionate release. He also argues that a statute under which he was convicted is now unconstitutional and that his right to effective assistance of counsel was violated. (*Id.*). For reasons explained below, the Court will consider these arguments to be a Motion to Vacate, Amend, Set Aside, or Correct a Sentence under 28 U.S.C. § 2255. Defendant will be given additional time to amend or withdraw this portion of his motion.

## II. DISCUSSION

### a. Compassionate Release

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 825 (2010). A defendant seeking compassionate release must show (1) "extraordinary and compelling reasons warrant such a reduction," and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Mathes*, No. 14-cr-69, 2020 WL 4014748, at *3 (M.D. La. July 16, 2020) ("Generally, the defendant has the burden to show circumstances meeting the test for compassionate release.").

---

[1] 1The Inmate Locator can be found on the Bureau of Prison's website at https://www.bop.gov/inmateloc/ (last visited November 14, 2024).

2

When, as here, a defendant files a motion for compassionate release on his own behalf, the Court's discretion "is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). Still, even if the Sentencing Commission's guidance is *not* dispositive, it informs the Court's "analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021), *cert. denied* No. 20-7832 (U.S. May 24, 2021).

Relevant here, the Sentencing Commission recognizes that "family circumstances" may warrant compassionate release, including "[t]he death . . . of the caregiver of the defendant's minor child or minor children." U.S.S.G. §1B1.13 (Commentary, Application Note 1(C)(i)).

Defendant appears to seek release for family circumstances so that he can help raise his children. (*See* Doc. 462 at 3). However, this does not meet the extraordinary and compelling standard because Defendant has "offered no evidence that he is the only available caregiver for his minor children." *United States v. Duggins*, No. 18-cr-1061, 2021 WL 5449642, at *5 (S.D. Tex. Nov. 22, 2021) (denying compassionate release); *see United States v. Rodriguez*, No. 2:15-217-1, 2021 WL 1978830, at *2 (S.D. Tex. May 17, 2021). (explaining that courts in this Circuit routinely deny release for family circumstances where "the defendant has failed to offer evidence that a family member is in fact incapacitated or that the defendant is the only available caretaker"). Because Defendant has failed to establish extraordinary and compelling

3

justifications for his release, his Motion will be denied in so far as it seeks compassionate release.

### b. Motion to Vacate Under 28 U.S.C. § 2255

Additional bases for Defendant's claim to compassionate release are that his conviction and sentence for unlawfully possessing a firearm in violation of 18 U.S.C. § 922(g)(1) are unconstitutional under the Supreme Court's decision in *Bruen*, 597 U.S. 1, and that he received ineffective assistance of counsel related to the constitutionality of § 922(g)(1).

Whatever the merits of these claims, a motion for compassionate release is not the appropriate avenue to pursue them. Section 3582(c)(1)(A), by its express terms, addresses the limited circumstances when a term of imprisonment may be modified so that the statutory goals of sentencing may be achieved. Defendant's constitutional claims, on the other hand, attack the legality of his underlying conviction and sentence, putting them squarely within the realm of 28 U.S.C. § 2255. *See United States v. Spencer*, No. 418-cr-171, 2021 WL 43999, at *1 n.1 (S.D. Ga. Jan. 5, 2021) ("The Court construes [d]efendant's [constitutional] arguments as collateral attacks on his conviction and sentence and finds that Defendant's arguments are more appropriately raised in a § 2255 motion.").

The Court must therefore construe Defendant's motion as a 28 U.S.C. § 2255 Motion to Vacate, Amend, Set Aside, or Correct Sentence. Because Defendant did not indicate that he intended to file a § 2255 motion, the Court is required to give the warnings discussed by the Supreme Court in *Castro v. United States*, 540 U.S. 375

(2003). In *Castro*, the Court held that a district court should not recharacterize a *pro se* post-conviction motion as a first § 2255 motion absent notice and warning to the Defendant as to the consequences of that recharacterization. *Id.* at 383.

The Court must give Defendant the opportunity to withdraw the motion or amend the recharacterized motion so that the motion contains all of the grounds for relief that he believes are available to him under § 2255. Pursuant to *Castro*, Defendant is hereby advised that any § 2255 motion that he files in the future will be subject to the restrictions imposed on second or successive motions.

### III.   CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's **Motion For Compassionate Release (Doc. 462)** be and is hereby **DENIED**.

**IT IS FURTHER ORDERED** that on or before **January 21, 2025**, Defendant shall either:

(1) withdraw his Motion to Correct Sentence (Doc. 311) that the Court has recharacterized as a § 2255 motion; or

(2) file an amended motion on the attached § 2255 form that includes all grounds for relief that Defendant believes are available to him. If the motion is not withdrawn, Defendant must file an amended motion on the attached form even if he decides not to include new or additional grounds for relief.

**DEFENDANT IS FURTHER ADVISED** that any § 2255 motion filed by Defendant after this one will be subject to the following requirements:

As provided in 28 U.S.C. § 2244, a second or successive motion must be certified by a panel of the U.S. Court of Appeals for the Fifth Circuit to contain:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h).

**IT IS FURTHER ORDERED** that the Clerk of Court send a copy of this Order and the attached § 2255 form to Defendant.

Baton Rouge, Louisiana, this 16th day of December, 2024

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

AO 243 (Rev. 09/17)

# Motion to Vacate, Set Aside, or Correct a Sentence
# By a Person in Federal Custody

## (Motion Under 28 U.S.C. § 2255)

### Instructions

1. To use this form, you must be a person who is serving a sentence under a judgment against you in a federal court. You are asking for relief from the conviction or the sentence. This form is your motion for relief.

2. You must file the form in the United States district court that entered the judgment that you are challenging. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file the motion in the federal court that entered that judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit any legal arguments, you must submit them in a separate memorandum. Be aware that any such memorandum may be subject to page limits set forth in the local rules of the court where you file this motion.

6. If you cannot pay for the costs of this motion (such as costs for an attorney or transcripts), you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.

7. In this motion, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different judge or division (either in the same district or in a different district), you must file a separate motion.

8. When you have completed the form, send the original and _____ copies to the Clerk of the United States District Court at this address:
   **Clerk, United States District Court for**
   **Address**
   **City, State  Zip Code**

   If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

9. **CAUTION:** You must include in this motion all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.

10. **CAPITAL CASES:** If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.

AO 243 (Rev. 09/17)

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | |
|---|---|---|
| Name *(under which you were convicted)*: | | Docket or Case No.: |
| Place of Confinement: | | Prisoner No.: |
| UNITED STATES OF AMERICA<br>V. | | Movant *(include name under which convicted)* |

**MOTION**

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   _____

   (b) Criminal docket or case number (if you know): _____

2. (a) Date of the judgment of conviction (if you know): _____

   (b) Date of sentencing: _____

3. Length of sentence: _____

4. Nature of crime (all counts):

   _____

5. (a) What was your plea? (Check one)
   (1) Not guilty ☐    (2) Guilty ☐    (3) Nolo contendere (no contest) ☐

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

   _____

6. If you went to trial, what kind of trial did you have? (Check one)    Jury ☐    Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ☐    No ☐

Page 2 of 13

AO 243 (Rev. 09/17)

8. Did you appeal from the judgment of conviction?     Yes ☐     No ☐

9. If you did appeal, answer the following:
   (a) Name of court: _____
   (b) Docket or case number (if you know): _____
   (c) Result: _____
   (d) Date of result (if you know): _____
   (e) Citation to the case (if you know): _____
   (f) Grounds raised:

   (g) Did you file a petition for certiorari in the United States Supreme Court?     Yes ☐     No ☐
       If "Yes," answer the following:
       (1) Docket or case number (if you know): _____
       (2) Result: _____

       (3) Date of result (if you know): _____
       (4) Citation to the case (if you know): _____
       (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☐     No ☐

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: _____
        (2) Docket or case number (if you know): _____
        (3) Date of filing (if you know): _____

AO 243 (Rev. 09/17)

    (4)   Nature of the proceeding: _____
    (5)   Grounds raised:

    (6)   Did you receive a hearing where evidence was given on your motion, petition, or application?
           Yes ☐     No ☐
    (7)   Result: _____
    (8)   Date of result (if you know): _____

(b)  If you filed any second motion, petition, or application, give the same information:
    (1)   Name of court: _____
    (2)   Docket of case number (if you know): _____
    (3)   Date of filing (if you know): _____
    (4)   Nature of the proceeding: _____
    (5)   Grounds raised:

    (6)   Did you receive a hearing where evidence was given on your motion, petition, or application?
           Yes ☐     No ☐
    (7)   Result: _____
    (8)   Date of result (if you know): _____

(c)  Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?
    (1)   First petition:     Yes ☐     No ☐
    (2)   Second petition:  Yes ☐     No ☐

(d)  If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

AO 243 (Rev. 09/17)

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** _____

    (a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

    (b) **Direct Appeal of Ground One:**
        (1) If you appealed from the judgment of conviction, did you raise this issue?
            Yes ☐    No ☐
        (2) If you did not raise this issue in your direct appeal, explain why:

    (c) **Post-Conviction Proceedings:**
        (1) Did you raise this issue in any post-conviction motion, petition, or application?
            Yes ☐    No ☐
        (2) If you answer to Question (c)(1) is "Yes," state:
Type of motion or petition: _____
Name and location of the court where the motion or petition was filed:

Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available):

        (3) Did you receive a hearing on your motion, petition, or application?
            Yes ☐    No ☐

AO 243 (Rev. 09/17)

    (4) Did you appeal from the denial of your motion, petition, or application?
        Yes ☐    No ☐

    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
        Yes ☐    No ☐

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

    (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:**

    (a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

    (b) **Direct Appeal of Ground Two:**
        (1) If you appealed from the judgment of conviction, did you raise this issue?
            Yes ☐    No ☐

AO 243 (Rev. 09/17)

 (2) If you did not raise this issue in your direct appeal, explain why:

_____

(c) **Post-Conviction Proceedings:**
 (1) Did you raise this issue in any post-conviction motion, petition, or application?
   Yes ☐  No ☐
 (2) If you answer to Question (c)(1) is "Yes," state:
Type of motion or petition: _____
Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available):

_____

 (3) Did you receive a hearing on your motion, petition, or application?
   Yes ☐  No ☐
 (4) Did you appeal from the denial of your motion, petition, or application?
   Yes ☐  No ☐
 (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
   Yes ☐  No ☐
 (6) If your answer to Question (c)(4) is "Yes," state:
Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available):

_____

 (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

AO 243 (Rev. 09/17)

**GROUND THREE:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Three:**
  (1) If you appealed from the judgment of conviction, did you raise this issue?
    Yes ☐    No ☐
  (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**
  (1) Did you raise this issue in any post-conviction motion, petition, or application?
    Yes ☐    No ☐
  (2) If you answer to Question (c)(1) is "Yes," state:
  Type of motion or petition: _____
  Name and location of the court where the motion or petition was filed:

  Docket or case number (if you know): _____
  Date of the court's decision: _____
  Result (attach a copy of the court's opinion or order, if available):

  (3) Did you receive a hearing on your motion, petition, or application?
    Yes ☐    No ☐
  (4) Did you appeal from the denial of your motion, petition, or application?
    Yes ☐    No ☐
  (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
    Yes ☐    No ☐

AO 243 (Rev. 09/17)

(6) If your answer to Question (c)(4) is "Yes," state:
Name and location of the court where the appeal was filed:

Docket or case number (if you know):
Date of the court's decision:
Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Four:**
  (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐    No ☐
  (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**
  (1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes ☐    No ☐
  (2) If you answer to Question (c)(1) is "Yes," state:

Page 9 of 13

AO 243 (Rev. 09/17)

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3) Did you receive a hearing on your motion, petition, or application?
    Yes ☐    No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
    Yes ☐    No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
    Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

AO 243 (Rev. 09/17)

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?    Yes ☐    No ☐

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

   _____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:
   (a) At the preliminary hearing:

   _____
   (b) At the arraignment and plea:

   _____
   (c) At the trial:

   _____
   (d) At sentencing:

   _____
   (e) On appeal:

   _____
   (f) In any post-conviction proceeding:

   _____
   (g) On appeal from any ruling against you in a post-conviction proceeding:

   _____

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?    Yes ☐    No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ☐    No ☐
   (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

   _____
   (b) Give the date the other sentence was imposed: _____
   (c) Give the length of the other sentence: _____
   (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ☐    No ☐

AO 243 (Rev. 09/17)

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
  (1) the date on which the judgment of conviction became final;
  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO 243 (Rev. 09/17)

Therefore, movant asks that the Court grant the following relief:

_____
or any other relief to which movant may be entitled.



_____
Signature of Attorney (if any)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____.
                                                                                                    (month, date, year)


Executed (signed) on _____ (date)


_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.